IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES POLLARD, <br><br> Plaintiff, <br><br> v. <br><br> YESCARE, INC.. et al. <br><br> Defendants. | Case No. 8:23-cv-1481 |

**DEFENDANTS CHS, TX, INC. d/b/a YESCARE CORP., AND VIVIEN DORSEY, M.D. ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants YesCare Corp. and Vivien Dorsey, M.D., ("YesCare Defendants"), by and through undersigned counsel answer Plaintiff's Complaint, and state:

**STATEMENT OF CLAIM**

**PARTIES**

1. To the extent that paragraph 1 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 1 and admit only the language of 42 U.S.C. § 1983, 28 U.S.C § 1331, and 28 U.S.C § 1343, 28 U.S.C § 2283, and 28 U.S.C § 2284.

2. To the extent that paragraph 2 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 2 and admit only the language of Md. Cts. & Jud. Proc. Code Ann. § § 3-2A-01, et seq.

3. To the extent that paragraph 3 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 3 and admit only the language of Md. Cts. & Jud. Proc. Code Ann. § § 3-2A-01, et seq.

4. The allegations contained in Paragraph 4 relate entirely to written documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of Exhibit 1, they are admitted; otherwise, they are denied.

5. The allegations contained in Paragraph 5 relate entirely to written documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of Exhibit 2, they are admitted; otherwise, they are denied.

6. The allegations contained in Paragraph 6 relate entirely to written documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of Exhibit 3, they are admitted; otherwise, they are denied.

7. The allegations contained in Paragraph 7 relate entirely to written documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of Exhibit 4, they are admitted; otherwise, they are denied.

8. The allegations contained in Paragraph 8 relate entirely to written documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of Exhibit 5, they are admitted; otherwise, they are denied.

9. To the extent that paragraph 9 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9 and admit only the language of Md. Cts. & Jud. Proc. Code Ann. § § 3-2A-01, et seq.

10. The allegations contained in Paragraph 10 relate entirely to written documents, the contents of which speak for themselves.

## JURISDICTION AND VENUE

11. To the extent that paragraph 11 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11

{M0719860.1}

and admit only the language of 42 U.S.C. § 1983, 28 U.S.C § 1331, and 28 U.S.C § 1343, 28 U.S.C § 2201, 28 U.S.C § 2202, 328 U.S.C § 2283, and 28 U.S.C § 2284.

12. To the extent that paragraph 12 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12 and admit only the language of 28 U.S.C. § 1391.

## PARTIES

13. Defendants admit that Plaintiff is a prisoner in custody of Maryland's Department of Public Safety and Correctional Services (DPSCS) and, at all times material to this case, was, and currently is, an inmate at the Jessup Correctional Institution in Jessup, Maryland.

14. Defendants admit that Tehum Care Services, Inc. d/b/a Corizon Health, Inc. ("Corizon") was a healthcare provider who did business in the state of Maryland which contracted with the State of Maryland to provide medical services to inmates of the DPSCS. To the extent that remaining allegations in paragraph 14 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 14.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15, and therefore, these allegations are denied.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore, these allegations are denied.

17. Den Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 17, and therefore, these allegations are denied ied.

18. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 18, and therefore, these allegations are denied.

19.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 19, and therefore, these allegations are denied.

20.     To the extent that paragraph 20 contains legal arguments and conclusions, no response is required.

21.     It is admitted that Defendant Vivian Dorsey, MD, is a physician licensed by the State of Maryland's Board of Physicians to practice medicine and is a healthcare provider in the state of Maryland who contracted with the State of Maryland to provide medical services to inmates of the DPSCS. The averment regarding the capacity in which Dr. Dorsey is sued is a conclusion of law to which no response is required.  The remaining averments in Paragraph 21 are denied.

22.     To the extent that paragraph 22 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 22.

23.     To the extent that paragraph 23 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 23.

24.     To the extent that paragraph 24 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 24.

25.     Denied.

26.     Denied.

## FACTS COMMON TO ALL COUNTS

27.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 27, and therefore, these allegations are denied.

28.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 28, and therefore, these allegations are denied

29. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 29, and therefore, these allegations are denied.

30. To the extent that paragraph 30 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 30.

31. To the extent that paragraph 31 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 31.

32. At this time, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 32, and therefore, these allegations are denied.

33. Denied.

34. Denied.

35. At this time, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 35, and therefore, these allegations are denied.

36. At this time, Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 36, and therefore, these allegations are denied.

37. At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph.  It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis.

38. At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph.  It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis.

39. The allegations contained in Paragraph 39 relate to written documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied.

{M0719860.1}

40. The allegations contained in Paragraph 40 relate to images, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these images, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 40 are denied.

41. The allegations contained in Paragraph 41 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 41 are denied.

42. The allegations contained in Paragraph 42 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 42 are denied.

43. At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph. It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis.

44. At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph. It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis.

45. To the extent that paragraph 45 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 45.

46. The allegations contained in Paragraph 46 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of

these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 46 are denied.

47. At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph. It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis

48. At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph. It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis

49. The allegations contained in Paragraph 49 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 49 are denied.

50. Defendants admit Plaintiff was seen by Dr. DeRosa. To the extent that paragraph 50 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50.

51. To the extent that paragraph 51 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 51.

52. The allegations contained in Paragraph 52 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 52 are denied.

53.     Defendant admits Plaintiff was seen by Dr. Hannah. To the extent that paragraph 50 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 53.

54.     At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph. It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis.

55.     The allegations contained in Paragraph 55 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 55 are denied.

56.     The allegations contained in Paragraph 56 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 56 are denied.

57.     The allegations contained in Paragraph 57 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 57 are denied.

58.     The allegations contained in Paragraph 58 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 58 are denied.

59.     Denied.

60. The allegations contained in Paragraph 60 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied. The remaining averments in Paragraph 60 are denied.

61. Defendants admit Plaintiff was seen by Dr. Hannah. To the extent that paragraph 61 contains legal argument and conclusions, no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62. The allegations contained in Paragraph 62 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied.

63. The allegations contained in Paragraph 63 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied.

64. At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph. It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis.

65. The allegations contained in Paragraph 65 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied.

66. The allegations contained in Paragraph 66 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied.

67. The allegations contained in Paragraph 67 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied.

68. The allegations contained in Paragraph 68 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied.

69. The allegations contained in Paragraph 69 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied.

70. It is admitted that Plaintiff was granted a referral to the University of Maryland Medical Center on March 11, 2021.  The remaining allegations in this paragraph are denied.

71. The allegations contained in Paragraph 71 relate to documents, the contents of which speak for themselves. To the extent that the allegations accurately characterize the contents of these documents, they are admitted; otherwise, they are denied.

72. It is admitted that Plaintiff saw Dr. Kavic on April 5, 2021.  The remaining allegations in this paragraph are denied.

73. Admitted.

74. At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph.  It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis.

75. At this time, Defendant is without knowledge or information sufficient to enable them to form a belief as to the truth of the averments in this Paragraph.  It is specifically denied that any of the defendants did not respond appropriately to Plaintiff's diagnosis.

{M0719860.1}

## COUNT I

The previous paragraphs are incorporated as fully set forth herein.

76. The allegations of Paragraph 76 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 76.

77. The allegations of Paragraph 77 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 77.

78. The allegations of Paragraph 78 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 78.

## COUNT II

The previous paragraphs are incorporated as if fully set forth herein.

79. The allegations of Paragraph 79 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants admit the allegations of Paragraph 79.

80. The allegations of Paragraph 80 contain legal arguments and conclusions; therefore, no response is required.

81. The allegations of Paragraph 81 contain legal arguments and conclusions; therefore, no response is required.

82. The allegations of Paragraph 82 contain legal arguments and conclusions; therefore, no response is required.

83. The allegations of Paragraph 83 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 83.

84. The allegations of Paragraph 84 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 84.

85. The allegations of Paragraph 85 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 85.

86. The allegations of Paragraph 86 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 86.

87. The allegations of Paragraph 87 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 87.

88. The allegations of Paragraph 88 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 88.

**COUNT III**

89. The allegations of Paragraph 89 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 89.

90.    The allegations of Paragraph 90 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 90.

91.    The allegations of Paragraph 91 contain legal arguments and conclusions; therefore, no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 91.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    The Complaint fails to allege a prima facie case of negligence.

3.    Plaintiff's medical negligence claim fails due to Plaintiff's failure to comply with the requirements of Md. Courts & Judicial Proceedings Code §3-2A.

4.    This court lacks subject matter jurisdiction over Plaintiff's Complaint.

5.    The claims asserted by Plaintiff are barred inasmuch as Defendants acted reasonably toward Plaintiff at all times relevant to the instant action.

6.    Plaintiff was contributorily negligent.

7.    Some or all of Defendants' actions were reasonably related to a legitimate penological interest.

9.    Defendants' actions are subject to qualified immunity.

10.    Defendants at all times relevant hereto complied with all Federal, State and Local statutes, regulations, and ordinances in effect.

11.    Defendants claim the benefit of any privileges or immunities available under statutory and/or common law whether Federal, State or Local law.

12.    Defendants incorporate all other affirmative defenses permitted by FRCP Rule 8.

13. Defendants reserve the right to assert additional defenses at the trial of this matter.

WHEREFORE, Defendants YesCare Corp. and Dr. Vivien Dorsey request that the case against them be dismissed, and such other and further relief as the Court sees fit.

Respectfully submitted,

**MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.**

 */s/ Kieran E. Fox*
Kieran E. Fox (Bar No. 23993)
kfox@moodklaw.com
600 Baltimore Avenue, Suite 305
Towson, MD 21204
(410) 339-6880
Fax (410) 339-6880

{M0719860.1}

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 17th day of November 2023, Defendants' Answer was electronically transmitted to this court and mailed first class, postage pre-paid to:.


Benjamin S. Vaughan, Esq.
Armstrong, Donohue, Ceppos, Vaughan & Rhoades, Chartered
204 Monroe Street, Suite 101
Rockville, MD 20850
(301) 251-0440
bvaughan@adclawfirm.com


       /s/ Kieran E. Fox
      Kieran E. Fox

{M0719860.1}