# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHARLES L. POLLARD,** <br><br> Plaintiff, <br><br> v. <br><br> **CHS TX, INC., et al.,** <br><br> Defendants. | Civil No. 23-1481 PJM |

## MEMORANDUM OPINION AND ORDER

The matter before the Court concerns parties' timeliness during discovery. In our judicial system, adversarial parties depend on each other to produce discovery in compliance with the Federal Rules, the Local Rules, and the agreed-upon Scheduling Order. Parties must meet deadlines. When one party does not, the other is likely, even presumably, prejudiced.

## I. BACKGROUND

Under the Court's Scheduling Order in this case, an order agreed to by Plaintiff's and Defendants' Counsel, Defendants were to disclose their experts and their experts' reports by September 13, 2024; discovery would end seven weeks later on November 1; and trial would begin four weeks later, December 2. ECF No. 56.

On September 12, a day before Defendants' disclosure of its expert and expert report was due, Defense Counsel requested a two-to-three-week extension from the Plaintiff. Plaintiff agreed, informally extending Defendants' expert-disclosure deadline to September 30. On September 30, Defense Counsel sent Plaintiff's Counsel the name of Defendants' expert (Dr. Bartoszek), his curriculum vitae, and his fee schedule. Defense Counsel did not include Bartoszek's report, its

facts or data considered by Bartoszek that inform the report, nor any exhibits used to summarize the report, as required by Federal Rule of Civil Procedure 26(a)(2). Nor did Defense Counsel include certain information as requested by Plaintiff's Interrogatory 23 (though this interrogatory substantially overlaps with Rule 26(a)(2)). Defense Counsel identified no other experts on at that time.

Then, on Friday, October 11, Defense Counsel emailed Plaintiff's Counsel the name—no CV, no fee schedule, no report—of another expert, Dr. Halikman, never before disclosed. Again, Defense Counsel omitted information as required by Rule 26(a)(2) and requested by Plaintiff's Interrogatory 23. In response, Plaintiff's Counsel notified Defense Counsel of its intention to move to strike all Defendants' expert testimony. The next Monday, October 14, Counsel for the Parties met and conferred but at that time, Defense Counsel explained only that the experts would testify in mitigation; Counsel said nothing of the details of the anticipated expert testimony.

The following day, Plaintiff moved to strike both experts. ECF No. 67. Hours later, Defense Counsel emailed Plaintiff's Counsel that Defendants were withdrawing their first expert, Bartoszek. And, in the same email, Defense Counsel attached the expert report of Halikman—two weeks late and two weeks before the close of discovery. *See* Pl.'s Suppl. Mot., ECF No. 69.

After learning of Defendants' withdrawal of its first expert, Plaintiff supplemented his motion to strike. *Id.* That motion, now before the Court, seeks to strike Halikman or any other expert of Defendants as well as any expert testimony or report Defendants might seek to offer.

Plaintiff claims he has been prejudiced by Defendants' untimely disclosure: He has had only two weeks to review Defendants' expert report, depose Halikman, and produce a rebuttal

report. Defendants claim their untimely disclosure has not prejudiced Plaintiff. The Court sides with Plaintiff.

## II. LEGAL STANDARD

During discovery, parties must disclose to one another their experts and their experts' fee schedules, qualifications, publications, previous cases, reports, and bases for the opinions therein. *See* Fed. R. Civ. P. 26(a)(2). When a party fails in those responsibilities, "the party is not allowed to use that information or witness to supply evidence" at trial. Fed. R. Civ. P. 37(c)(1). The nondisclosing party's only escaping this "automatic sanction," *see* Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment, is if the nondisclosure was substantially justified or is harmless, Fed. R. Civ. P. 37(c)(1). To evaluate this question, a district court assesses the five factors:

> (1) the surprise to the party against whom the evidence would be offered;
> (2) the ability of that party to cure the surprise;
> (3) the extent to which allowing the evidence would disrupt the trial;
> (4) the importance of the evidence; and
> (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003).

## III. DISCUSSION

The Court must decide whether to exclude Defendants' remaining expert witness, Halikman, as well as any other expert it would wish to call, due to Defendants' untimely disclosure. To do so, the Court assesses the above five factors in turn.

1. *Surprise to the Plaintiff*: Defendants apparently could not meet the deadlines in the Court's Scheduling Order. Yet, luckily for Defendants, Plaintiff agreed that Defendants could have three more weeks to disclose their expert and any accompanying documents. Undoubtedly, then,

Defendants surprised Plaintiff when, two weeks after the three-week extension, Defendants disclosed another expert. And they did so without the required details.

Defendants assume that Plaintiff knew they would disclose *an* expert, so Plaintiff could not be surprised. Defendants misunderstand. The fact that Defendants would name *an* expert may not have surprised the Plaintiff. But naming that expert weeks after the deadline, and more importantly, disclosing his report even later, very much surprised and disadvantaged Plaintiff.

2. *Plaintiff's Ability to Cure Defendants' Surprise*: Plaintiff likely cannot cure the effects of Defendants' surprise. Were Defendants to have met their requirements, Plaintiff would have had seven weeks before the close of discovery to analyze Defendants' expert's report, prepare to depose him, depose him, develop a rebuttal strategy, and draft a rebuttal report. Yet Plaintiff agreed to give Defendants three weeks of those seven, leaving him only four. Four weeks, perhaps, is a reasonable time for Plaintiff to adequately finish these tasks. But two weeks? The surprise, in a sense, is incurable—Plaintiff cannot create more time before trial. Plaintiff's preparation has been irreversibly and unfairly shortened.

3. *Disruption to the Trial*: Allowing Halikman's testimony could disrupt the trial schedule. If Plaintiff needs additional time to depose the expert or retain a rebuttal expert, it may necessitate a continuance, delaying the trial and potentially inconveniencing other parties and the Court.

4. *Importance of the Evidence*: The Court lacks sufficient information to assess the importance of Halikman's testimony. Defendants have said that his testimony would go to mitigation, not liability, and therefore, they suggest, the testimony is not *that* important. *See* Defs.' Mem. in Supp. of Opp'n 4, ECF No. 71-1. Because of the testimony's low importance, they say, the surprise is not as grave as Plaintiff would suggest. *See id.* But the testimony's limited importance could cut the other way: If the testimony is unimportant, why include it? Regardless,

4

with limited information about the testimony's relevance to Defendants' case, this factor commands less weight than others.

5. *Explanation for the Failure to Disclose*: Lastly, Defendants have not justified their tardy disclosure. While they may have encountered unforeseen circumstances or "logistical challenges," *id.*, their failure to comply with the Court's Scheduling Order and the Federal Rules cannot be overlooked. If anything, Defendants should have communicated earlier with Plaintiff (and perhaps the Court). Instead, they unfairly surprised Plaintiff with well-overdue expert disclosure, prejudicing Plaintiff, inhibiting his discovery and strategy efforts regarding mitigation of damages.

## IV. CONCLUSION

In view of the factors outlined above—particularly the surprise to Plaintiff, Plaintiff's inability to cure that surprise before close of discovery and trial, and the lack of a justifiable reason for Defendants' tardiness—the Court finds that Plaintiff has been prejudiced by Defendants' untimely disclosure of Halikman and his report. The Court, therefore, **GRANTS** Plaintiff's motion to strike Halikman and any other defense expert witness.

So **ORDERED** this fourth day of November, 2024.

/s/ PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE